IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JASON WALKER, <br> TDCJ-CID No. 01532092, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 2:17-CV-221-Z-BR |
| JASON CLARK, *et al.*, | § § | |
| Defendants. | § § § | |

# FINDINGS, CONCLUSIONS AND RECOMMENDATION
## TO DISMISS REMAINING CLAIMS
## AND
## DENY MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiff JASON WALKER, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Institutional Division, filed suit pursuant to Title 42, United States Code, Section 1983 complaining against multiple defendants and was granted permission to proceed *in forma pauperis*. After screening, only two defendants remain in this case: Mallory C. Miller and Cora Stewart. (ECF No. 31). The sole remaining factual claim is that Miller and Stewart intentionally took money from plaintiff's inmate trust account based on false commissary charges.

Following the dismissal of most of the claims in this suit during screening, plaintiff filed a Motion for a Temporary Restraining Order. (ECF No. 33). On December 16, 2019, defendant Miller filed a Motion to Dismiss. (ECF No. 35). Additionally, the Attorney General filed an Amicus Advisory concerning defendant Stewart, indicating that no employee by that name was or is employed at the Clements Unit where the events of plaintiff's claim occurred. (ECF No. 36). On January 28, 2020, plaintiff filed a Response to the Motion to Dismiss. (ECF No. 38).

I.
MOTION TO DISMISS STANDARD

Rule 12(b)(1) provides that a defendant may file a motion to dismiss a complaint for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *CleanCOALition v. TXU Power*, 536 F.3d 469, 473 (5th Cir. 2008) (quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). In deciding a Rule 12(b)(1) motion to dismiss, the Court may consider:

> (1) the complaint alone;
>
> (2) the complaint supplemented by undisputed facts; or
>
> (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.

*King v. U.S. Dept. of Veteran's Affairs*, 728 F.3d 410, 413 (5th Cir. 2013) (quoting *Voluntary Purchasing Grps., Inc. v. Reilly*, 889 F.2d 1380, 1384 (5th Cir. 1989)). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ballew v. Cont'l Airlines, Inc.*, 668 F.3d 777, 781 (5th Cir. 2012). Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief. *Home Builders Ass'n of Miss., Inc.*, 143 F.3d at 1010.

Defendant Miller asserts her Eleventh Amendment immunity for the claims against her in her official capacity. Although defendant moved to dismiss under both Rule 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim, this Court must analyze the Motion to Dismiss under the Rule 12(b)(6) standard "because arguments for immunity are

attacks on the existence of a federal cause of action." *Morrison v. Walker*, 704 Fed. App'x 369, 372 n.5 (5th Cir. 2017) (citing *Daniel v. Ferguson*, 839 F.2d 1124, 1127 (5th Cir. 1988)). The Fifth Circuit has held that "when a defendant's challenge to the court's jurisdiction is also a challenge to the existence of a federal cause of action, the proper procedure for the district court is to find that jurisdiction exists and to deal with the objection as a direct attack on the merits of the plaintiff's case." *Daniel*, 839 F.2d at 1127; *see also Ballard v. Wall*, 413 F.3d 510, 514–15 (5th Cir. 2005) (deciding motion to dismiss raising judicial immunity under Rule 12(b)(6)).

Defendant Miller also moves to dismiss the claims against her in her individual capacity, alleging plaintiff's complaint fails to allege sufficient facts to state a claim upon which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss, the Court "accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.' " *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). " '[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.' " *Ruiz v. Brennan*, 851 F.3d 464, n.5 (5th Cir. 2017) (quoting *Jones v. Alcoa, Inc.*, 339 F.3d 359, 362 (5th Cir. 2003)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 555–56, "Factual allegations must be enough to raise a right to relief above the speculative level . . ."). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of

3

misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

## II.
## PLAINTIFF'S REMAINING FACTUAL ALLEGATIONS

Walker claims that on at least three occasions [4-18-17, 9-14-16, and 9-21-16] he filed Step 1 grievances against defendant MALLORY C. MILLER for stealing funds from his inmate trust account. [ECF 3, p. 17, ¶ 3]. Walker also sues defendant CORA STEWART, a TDCJ employee who works in the commissary store, and claims that she told him if he did not stop trying to assist another inmate who had not received his commissary items, then she would "arrange to have money stolen from [his] account as well." [ECF 3, p. 20, ¶ 1].[1] Walker claims STEWART told him she could authorize prison authorities to take Walker off commissary restriction solely for the purpose of stealing from him. [ECF 3, p. 20, ¶ 2]. Walker claims that on February 21, 2017, he had a remaining balance of $6.44 directly after speaking with STEWART and making his final purchase that day. Walker claims his balance only reflected $1.53 on March 8, 2017, indicating to him that STEWART did steal $4.90. [ECF 3, p. 20, ¶ 3]. Walker claims he confronted defendant MILLER, another commissary employee, about the deficient funds, and MILLER acknowledged the theft, stating she steals from inmates "that like to cry like babies and post it on the Internet." [ECF 3, p. 20, ¶ 4].[2]

---

[1] Plaintiff's claims of retaliation against all defendants, including Stewart, were previously dismissed as conclusory during screening. The remaining claim against these two defendants is for unlawful deprivation of property.

[2] Plaintiff's claims of retaliation against defendant Miller was also previously dismissed.

Walker reported the theft, but states that prison officials checked only the computer records and failed to cross-check the paper copies to prove he had made the purchases alleged by the commissary workers. [ECF 3, p. 21, ¶ 2-3]. Walker alleges MILLER claims Walker made a purchase despite his misplaced ID card, so she could not scan his purchase; Walker claims this conduct resulted in MILLER's reassignment. [ECF 3, p. 21, ¶ 4-5]. Walker lists several reasons why he could not have made the alleged purchases. [ECF 3, p. 22, ¶ 1-5].

## III.
## THE LAW AND ANALYSIS

**A. Theft Claims Against Defendants Miller and Stewart**

The Due Process Clause of the Fourteenth Amendment provides that "[n]o State shall ... deprive any person of life, liberty, or property, without due process of law." U.S. CONST. AMEND XIV.

To any extent that plaintiff sues Miller (or Stewart) in her official capacity, such claims are barred by Eleventh Amendment immunity and must be dismissed. *See Houston v. Zeller*, 91 Fed. App'x. 956, 957 (5th Cir. 2004). However, although not specifically addressed by his Complaint, plaintiff indicates in his Response to the Motion to Dismiss (ECF No. 38), he sues Miller and Stewart only in their individual capacity for compensatory, punitive and nominal damages.

Under the *Parratt/Hudson* doctrine[3], "a deprivation of a constitutionally protected property interest caused by a state employee's random, unauthorized conduct does not give rise to a § 1983 procedural due process claim, unless the state fails to provide an adequate postdeprivation remedy." *McClure v. Turner*, 481 Fed. App'x 167, 172 (5th Cir. 2012) (citing *Zinermon v. Burch*,

---

[3] This is the doctrine of adequate postdeprivation state court remedies established by two precedential Supreme Court decisions. *See Hudson v. Palmer*, 468 U.S. 517 (1984), *see also Parratt v. Taylor,* 451 U.S. 527 (1981), *overruled in part on other grounds in Daniels v. Williams,* 474 U.S. 327, 330 (1986).

494 U.S. 113, 115 (1990)). The Fifth Circuit held:

> This Court has recognized that Texas's tort of conversion provides an adequate state postdeprivation remedy for prisoners who claim procedural due process violations based on deprivation of their property. Even if we assume that the alleged seizures and destruction of [the prisoner's] property were random, unauthorized acts, [the prisoner] does not meet his burden of showing why we should now revisit our prior ruling.

*McClure*, 481 Fed. App'x at 172 (citing *Murphy v. Collins*, 26 F.3d 541, 543–44 (5th Cir. 1994); *see also* Tex. Gov't Code Ann. art. 501.007 (providing up to $500 to remedy a Texas inmate's claim of lost or damaged property). A postdeprivation remedy is not inadequate merely based on allegations that the state institution or employee refuses to assist inmates with filing state tort suits, fails to provide legal assistance, or does not stock books regarding such suits in the library. *See id*.

In his Response to the Motion to Dismiss, plaintiff argues that due process is required to take money from his inmate account. Here, plaintiff's factual claims indicate that no due process was provided for the alleged theft of $4.90 from his inmate trust account. Although the Court agrees that due process was required, the plaintiff has not provided any explanation in his Response why the state postdeprivation remedy was not pursued or was not adequate. Rather, plaintiff tries to distinguish property that was "lost or destroyed," from property that was "stolen." (ECF No. 38, p. 2). Plaintiff claims that no state remedy exists for property deprivation by intentional means. *Id*.

However, the *Hudson* case specifically extended the postdeprivation state court remedy doctrine to *include* instances where intentional deprivation of property occurred, and the Texas state court tort remedies also provide for damages for intentional theft. *See Amir-Sharif v. Bostic* (App. 1 Dist. 2016) 2016 WL 7164019, (Tex. App.–Houston [1st Dist.] Dec. 8, 2016, pet. dism. w.o.j.) (holding that alleged due process violation based on the intentional destruction of inmate's property by prison officials had a meaningful postdeprivation remedy for such destruction under

Tex. Gov't Code Ann. art. 501.007). Even if plaintiff was unaware that such remedy existed to cover intentional deprivation, this does not indicate such remedy was inadequate. Plaintiff also then argues that Miller's theft was not "random and unauthorized" because a procedure exists to remove money from an inmate's trust account. (ECF No. 38, p. 3–4). Conduct is not "random and unauthorized" for purposes of the *Parratt/Hudson* doctrine if the state "delegated to [the defendants] the power and authority to effect the very deprivation complained of." *Allen v. Thomas*, 388 F.3d 147, 149 (5th Cir. 2004) (citing *Zinermon v. Burch*, 494 U.S. 113, 138 (1990)).

However, plaintiff's argument is contradictory, in that he claims Miller's act was an intentional theft, which would be unauthorized taking of his property, clearly distinguishable from the facts in *Allen*. In the *Allen* case, a prison directive allowed for the seizure of the property in a specific instance, and the plaintiff in that case was in effect challenging the fact that a prison official followed a specific prison directive. The *Allen* plaintiff challenged that the prison directive itself was a violation of due process. *Id.* Here, the plaintiff does not challenge the current system where a commissary official has authority to charge an inmate's account for a legitimate commissary purchase. Plaintiff's facts are distinguishable from the *Allen* case because there is no prison directive in plaintiff's case that allows for a withdraw of funds without a commissary purchase; the taking of money from plaintiff's account was unauthorized. *See Leggett v. Williams*, No. 1:05-CV-110-BI, 2007 WL 9747622, at *7 (N.D. Tex. Mar. 30, 2007), *amended in part*, No. 1:05-CV-110-BI, 2007 WL 9747625 (N.D. Tex. May 3, 2007), *and aff'd*, 277 Fed. App'x 498 (5th Cir. 2008). If Miller (or Stewart) committed or participated in a deliberate theft, she was not authorized to make such a withdrawal from his account by any prison directive. In fact, plaintiff acknowledges through his pleadings that specific documentation is kept by the prison to determine when commissary purchases are made, and a system exists to determine which inmate made a

7

purchase. Plaintiff claims this procedure was not followed in his case. This is precisely the type of case where the *Parratt/Hudson* doctrine applies. Plaintiff also argues that if the theft had been for greater than $500, then the state court remedy would be inadequate. However, this reasoning has also been rejected by precedent. *See Leggett v. Williams*, 277 Fed. App'x. 498 (5th Cir. 2008) 2008 WL 1984271, *cert. denied* 555 U.S. 1178. As such, plaintiff has failed to state a claim for relief under the *Parratt/Hudson* doctrine.

Although defendants argue that plaintiff must assert a physical injury to seek monetary damages, the plaintiff is not *solely* seeking damages based on emotional or mental health claims resulting from an alleged constitutional violation. Rather, plaintiff is seeking compensatory damages for lost property, which would be permissible if plaintiff was able to show that his state court remedies were pursued/were inadequate. However, to the extent that plaintiff states in his Response to the Motion to Dismiss that he is entitled to $500.00 for mental anguish damages, he has failed to allege any physical injury and such relief would be barred.

Additionally, defendant Miller's Motion to Dismiss asserts entitlement to qualified immunity. Plaintiff does not address Miller's entitlement to qualified immunity in his Response to the Motion to Dismiss. The statement by defendant Miller that plaintiff's claims are conclusory, without further analysis of why plaintiff has failed to alleged a constitutional deprivation of a clearly established right or the knowing violation by defendant Miller, does not persuade the Court that plaintiff could state a claim for a violation of a clearly established right if he had an inadequate state remedy to address his claim. *See Houston v. Alford*, No. 9:04 CV 185, 2005 WL 2283973, at *3 (E.D. Tex. Aug. 17, 2005) (holding that "[t]he defense of qualified immunity shields government officials performing discretionary functions from liability for civil damages insofar as their conduct does not violate clearly established rights which a reasonable person would have

8

known.") (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Wilson v. Layne*, 526 U.S. 603, 614). As outlined above, the plaintiff does have a clearly established right to be free from the deprivation of his property without due process of law, but he has not established a due process claim absent a showing that his state court remedies were inadequate. However, the Court declines to address defendant Miller's entitlement to qualified immunity, as the Court has addressed the failure of plaintiff to show his state court remedies were inadequate.

Based on the Amicus Advisory filed by the Attorney General, no employee by the name of Cora Stewart works at the Clements Unit. Although the Court could require plaintiff to provide additional details about the intended defendant, his claims against defendant Miller and defendant Stewart are legally and factually cohesive. Thus, plaintiff was provided the opportunity, in responding to the Motion to Dismiss filed by defendant Miller, to address the merits of his legal claims for deprivation of his property. Plaintiff does not address defendant Stewart in his Response to the Motion to Dismiss (although that is understandable), but he has also not attempted to further clarify his claims or identify the defendant following the Amicus Advisory filed with the Court. Regardless, the claims against defendant Stewart equate to the claims against defendant Miller, and are therefore indistinguishable, albeit with very minor factual allegations about who authorized the withdrawal of funds from plaintiff's account. Therefore, the claims against defendant Stewart are also subject to dismissal for failure to state a claim.

**B. Plaintiff's Request for a Temporary Restraining Order**

Plaintiff's Motion for a Temporary Restraining Order ("TRO") seeks this Court to enter an order preserving the evidence of the property deprivation in this case. Once notified of the pending litigation, the litigants already have a duty to preserve the evidence and plaintiff has offered nothing in the way of proof that the defendants will violate that duty. Further, plaintiff's request

9

for a TRO fails to meet the standards to grant such relief.

Federal Rule of Civil Procedure 65(b)(1) governs the issuance of a TRO. A TRO encompasses only restraint on a party for a fourteen-day period. Fed. R. Civ. P. 65(b)(2). If plaintiff's requests for restraint extend beyond this period, then the Court may construe his requests as a motion for a preliminary injunction; as such, the plaintiff must satisfy the substantive requirements for a preliminary injunction in order to obtain this relief. *See White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989).

In order to obtain a preliminary injunction under Federal Rule of Civil Procedure 65(a), the applicant must demonstrate all four of the following elements:

(1) a substantial likelihood of success on the merits;

(2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied;

(3) the threatened injury outweighs any damage that the injunction might cause the defendant; and

(4) the injunction will not disserve the public interest.

*Jackson Women's Health Org. v. Currier*, 760 F.3d 448, 452 (5th Cir. 2014) (quoting *Hoover v. Morales*, 164 F.3d 221, 224 (5th Cir. 1998)). Injunctive relief is an extraordinary remedy requiring the applicant to unequivocally show the need for its issuance. *Sepulvado v. Jindal*, 729 F.3d 413, 417 (5th Cir. 2013) (internal citations and quotations omitted), *cert. denied*, 134 S.Ct. 1789 (2014).

Plaintiff must carry the burden as to all four elements before a preliminary injunction may be considered. *Voting for America, Inc. v. Steen*, 732 F.3d 382, 386 (5th Cir. 2013) (internal quotations and citations omitted). Additionally, for a permanent injunction to issue, the plaintiff must prevail on the merits of his claim and establish that equitable relief is appropriate in all other respects. *Dresser-Rand Co. v. Virtual Automation Inc.*, 361 F.3d 831, 847-48 (5th Cir. 2004).

Movants for injunctive relief must show that constitutional violations have occurred and that state officials are "demonstrably unlikely to implement required changes" without injunctive relief. *Hay v. Waldron*, 834 F.2d 481 (5th Cir. 1987).

Plaintiff has failed to meet his burden on any, let alone all, of these four elements to show that a TRO should be granted. Therefore, his motion should be DENIED.

## IV.
## FINDINGS AND CONCLUSIONS

The undersigned makes the following findings and conclusions:

1. Walker has alleged that defendants **MILLER** and **STEWART** took money from his inmate trust account when he was on commissary restriction. Defendant Miller has filed a Motion to Dismiss, indicating that Walker's claim should be dismissed because he (1) has failed to exhaust his state court remedies regarding property deprivation, (2) has failed to allege a physical injury to support monetary damages, and (3) he has failed to overcome Miller's entitlement to qualified immunity. Walker's Response to the Motion to Dismiss fails to show pursuit of state court remedies or why they were inadequate to address his property deprivation. As Walker is not *solely* seeking monetary damages for emotional or mental injury, the physical injury requirement is not appropriately applied to plaintiff's other claims for damages. Additionally, this Court will not convert this to a Motion for Summary Judgment on Qualified Immunity based on defendant Miller's argument that plaintiff's claims are conclusory. Therefore, the Court RECOMMENDS Walker's claims against **MILLER** be dismissed with prejudice for failure to state a claim based on the *Parratt/Hudson* doctrine.

2. Walker's claims against defendant **STEWART** are legally and factually cohesive with his claims against defendant **MILLER**. Although plaintiff claims **STEWART** took the money, he alleges both were involved in the theft. Thus, the Court has considered whether he has stated a claim for relief against either defendant, despite the fact that defendant **STEWART** could not be located and/or identified and served. Thus, the Court RECOMMENDS Walker's claims against defendant **STEWART** be dismissed with prejudice for failure to state a claim.

3. Walker has failed to meet his burden to show that a TRO should be issued, especially as his remaining claims are subject to dismissal. Thus, his Motion for Temporary Restraining Order (ECF No. 33) should be DENIED.

## IV.
## RECOMMENDATION

For the reasons set forth above, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the remaining claims against defendants MILLER and STEWART, as identified by these Findings and Conclusions, be DISMISSED WITH PREJUDICE FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED. It is further RECOMMENDED that Walker's Motion for a Temporary Restraining Order (ECF No. 33) should be DENIED.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED on June 17, 2020.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A

party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).